Dear Treasurer Henry
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
May the State Treasurer erase taped telephone conversationsmade in connection with the bidding process between the State andoutside securities firms?
 I. REQUIREMENTS OF THE OKLAHOMA RECORDS MANAGEMENT ACT AND THE OKLAHOMA CRIMINAL CODE
¶ 1 In order to answer your question, it is necessary to determine whether the taped telephone conversations constitute records of the State. Since you have asked about the disposition or destruction of state records, we have reviewed the Oklahoma Records Management Act (the "Act"). 67 O.S. 201 (1991) et seq. Section 67 O.S. 203 of the Act, provides in part:
 (a) "Record" means document, book, paper, photograph, microfilm, computer tape, disk, record, sound recording, film recording, video record or other material, regardless of physical form or characteristics, made or received pursuant to law
or ordinance or in connection with the transaction of official business the expenditure of public funds, or the administration of public property. Library and museum material made or acquired and preserved solely for reference or exhibition purposes and stocks of publications are not included within the definition of records as used in this act.
(b) "State record" means:
 (1) A record of a department, office, commission, board, authority or other agency, however designated, of the state government.
(Emphasis added.)
¶ 2 The tape recordings referred to in your question are made pursuant to 62 O.S. 89.11 (1991), which provides:
 The State Treasurer shall develop and implement a system of procedures to record and audit all electronic investment bidding transactions with outside financial concerns.
¶ 3 Thus, the recordings serve a two-fold purpose: (1) to record electronic bidding transactions, and (2) to provide a means to audit such electronic bidding transactions. Pursuant to 203 of the Act, they would fit within the definition of "record" above in that the recordings are made pursuant to law and are made in connection with the transaction of official business and the expenditure of public funds. Therefore, the taped telephone conversations constitute state records.[1]
¶ 4 Several statutes limit the authorization of a state agency to destroy or dispose of state records. Title 21 O.S. 590
(1991), prohibits state governmental entities from destroying records of financial and business transactions, including support documentation, for two years after they are made and for three years thereafter unless they are approved for destruction by a unanimous vote of the Archives and Records Commission. Section 21 O.S. 590 provides:
 A. Every state governmental entity shall, for a period of two (2) years, maintain accurate and complete records, as defined in Section 203 of the Title 67 of the Oklahoma Statutes, reflecting all financial and business transactions, which records shall include support documentation for each transaction. No such records shall be disposed of for three (3) years thereafter, except upon a unanimous vote of the members of the Archives and Records Commission pursuant to Section 306 of Title 67 of the Oklahoma Statutes, or upon a majority vote of the members of the Commission for records more than five (5) years old. The disposition of such records shall be in accordance with the provisions of Sections 305 through 317 of Title 67 of the Oklahoma Statutes, provided all state or federal audits have been completed, unless such audits request such records to be maintained for some given period of time.
 B. Any person who willfully violates the provisions of this section shall be guilty of a felony, punishable by imprisonment in the State Penitentiary for a period of not more than three (3) years or by a fine of not more than Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. Any person convicted of any such violation who holds any elective or appointive public office shall also be subject to immediate removal from office.
¶ 5 Consequently, the taped telephone conversations are subject to the maintenance and disposition requirements of 590.
¶ 6 The Records Management Act provides similar limitations on the destruction of state records. Section 67 O.S. 210 of the Act provides:
 Except as otherwise provided by law, no state record shall be destroyed or otherwise disposed of unless it is determined by the Archives and Records Commission that the record has no further administrative, legal, fiscal, research or historical value.
¶ 7 The Act prescribes the procedure for the disposal of state records. Section 67 O.S. 206 of the Act requires agency heads to:
 (c) Submit to the State Records Administrator, in accordance with the standards established by him, schedules proposing the length of time each state record series warrants retention for administrative, legal or fiscal purposes after it has been created or received by the agency. The head of each agency also shall submit lists of state records in his custody that are not needed in the transaction of current business and that do not have sufficient administrative, legal or fiscal value to warrant their further keeping for disposal in conformity with the requirements of Section 210 of this title.
 II. REQUIREMENTS OF THE ARCHIVES AND RECORDS COMMISSION ACT
¶ 8 The Archives and Records Commission has been granted "sole, entire and exclusive authority of the disposition for all public records and archives of state officers, departments, boards, commissions, agencies and institutions of this state." 67 O.S.305 (1991) (formerly codified as 74 O.S. 564 (1981)). In order to dispose of any state records, an agency must first consult with the State Librarian to see if the state records are desired for deposit in the archives of the state library. If not, the agency must apply to the Archives and Records Commission for approval to destroy the state records and show good cause for their destruction. Title 67 O.S. 306 (1991) (formerly codified as 74 O.S. 565 (1981)) provides:
 Every state officer and the heads of all departments, boards, commissions, agencies and institutions of the State of Oklahoma who have in their custody public records and archives deemed by them to be unnecessary for the transaction of the business of their offices shall consult with the State Librarian for the purpose of determining if such records and archives are desired for deposit in the archives division of the Oklahoma State Library. Upon certification by the State Librarian that such records and archives are or are not desired for such purpose, then such custodian shall, in conformity with such determination, apply to the Commission for authorization to destroy or transfer such records and archives to the Oklahoma State Library as hereinafter provided. Upon the filing of such application the Commission shall have authority to authorize or direct the disposition of such records and archives by any one or more of the following methods:
 1. By destruction; provided that, the Commission shall not authorize destruction of records and archives less than five (5) years old except upon a showing of good cause by the agency or the Archives and Records Division of the Oklahoma Department of Libraries and a unanimous vote of the members of the Commission, or their designees, present.
 2. By transfer to the custody and control of the Oklahoma State Library and there retained. The State Librarian may, in his direction, microfilm such records and archives, especially if doing so would aid in the preservation of their contents.
 3. By transfer to the Oklahoma State Library with authorization to the State Librarian to microfilm said records and archives and upon the completion of this process to destroy said records and archives in accordance with the order of the Commission.
 Records and archives transferred to the Oklahoma State Library shall never be returned to their former custody except by order of the Commission and the written consent of the State Librarian.
¶ 9 Title 21 O.S. 590 (1991), has been construed to be a supplemental requirement to the requirements of 306. See A.G. Opin. No. 80-153. Therefore, any action to dispose of taped telephone conversations which are state records must be done pursuant to the requirements of 21 O.S. 590 (1991), 67 O.S.210 (1991), and 67 O.S. 306 (1991). Moreover, it should be noted that a person convicted of willfully violating 21 O.S.590 is guilty of a felony and subject to immediate removal from office if such person is an elected or appointed public official.
 III. SUMMARY
¶ 10 Title 21 O.S. 590 (1991) prohibits the disposal or destruction of business and financial transaction records for a minimum period of two years. Thereafter, the agency which maintains such records must:
 (1) receive certification from the State Librarian as to disposition of the records in the state archives (67 O.S. 306 (1991));
 (2) apply to the Archives and Records Commission consistent with the State Librarian's certification (id.);
(3) show good cause for destruction (id.);
(4) show that all state or federal audits have been completed and that no audits require maintenance for a longer period (21O.S. 590 (1991)); and
 (5) show that the records do not have sufficient administrative, legal or fiscal value to warrant further keeping (67 O.S. 206 (1991)).
 (6) If the records are more than two years old but less than five years old, obtain the unanimous consent of the Archives and Records Commission. If they are more than five years old, a majority of the members of the Commission must authorize their disposition."
¶ 11 Finally, the Commission must determine whether such records have no further administrative, legal, fiscal, research or historical value. 67 O.S. 210 (1991). Only then may state records be destroyed or disposed of.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that taped telephone conversations made in connectionwith the bidding process between the State Treasurer and outsidesecurities firms are state records pursuant to the OklahomaRecords Management Act (67 O.S. 201 (1991) et seq.) andthe Oklahoma Open Records Act (51 O.S. 24A.1 (1991) etseq.). As such the State Treasurer is not authorized to erasethese records except under the process set forth for thedestruction or disposition of state records in the OklahomaRecords Management Act, 67 O.S. 201 (1991) et seq., theArchives and Records Commission Act, 67 O.S. 305 (1991) etseq., and 21 O.S. 590 (1991) of the Oklahoma CriminalCode.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] Your question relates to the maintenance and disposition of public records. However, we would be remiss if we failed to note that under the definition in 51 O.S. 1991, § 24A.3[51-24A.3], the tape recordings referred to in your question would also constitute public records under the Oklahoma Open Records act, 51 O.S.1991, §§ 24A.1[51-24A.1] et seq.